**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-08073-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Tre C. James, | |
| Defendant. | |

Before the Court is the Government's Motion to Take Fingerprints and Buccal Swabs of Defendant. (Doc. 28.) Defendant does not object to the taking of his fingerprints. (Doc. 31 at 1 n.1.) The disputed issue is the Government's request for an order authorizing the use of a buccal swab to obtain a DNA sample from Defendant.

The parties agree that the use of a buccal swab inside a defendant's cheek to obtain a DNA sample is a search. *Maryland v. King*, 569 U.S. 435, 446 (2013). When a defendant, under arrest, is charged with a serious offense supported by probable cause, the analysis of a search is based on "reasonableness, not individualized suspicion." *Samson v. California*, 547 U.S. 843, 855 n.4 (2006). Reasonableness is determined by balancing the "promotion of legitimate government interests" against "the degree to which [the search] intrudes upon an individual's privacy." *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999).

Defendant argues that even though the buccal swab is not a grave intrusion upon his privacy, the Government has not shown any interest advanced by obtaining Defendant's

1  DNA. Defendant argues that the DNA lab tests so far do not indicate that there was mixture
2  of the victim's DNA with anyone else's. He further argues that Defendant's DNA would
3  not assist in identifying the perpetrator because Defendant is known to have frequented
4  areas where blood was recovered, including his residence, the house where the offense
5  allegedly occurred.

6  The DNA evidence would be valuable in establishing Defendant's presence in the
7  home where the crime allegedly took place. According to Special Agent Drace, the subject
8  home is owned by Defendant's grandmother and non-physical evidence linking Defendant
9  to the home may depend on the testimony of Defendant's family members, some of whom
10 have not been cooperative. *See* Affidavit of Special Agent Blazer Drace, attached as
11 Exhibit 1 ("Ex. 1"). The value of the DNA evidence is not limited to the question of
12 Defendant's presence at the scene of the crime. The evidence found at the scene includes
13 ammunition, spent shell casings, and ammunition boxes. *Id.* According to the Government,
14 Defendant has denied possessing any firearm or weapon at the time of the murder, but those
15 items were found in one of Defendant's last known sleeping places. Because the victim
16 was killed by a single gunshot wound, comparing Defendant's DNA to DNA found on
17 those items would advance the Government's interests.

18 The Government further points to an item of evidence (also referenced in Exhibit
19 1)—a pair of boots, believed to be Defendant's. The boots contain blood, which is
20 consistent with the victim's blood. Blood on the other boot is likely not that of the victim.
21 The blood on both boots contains DNA from more than one person. Defendant's DNA can
22 be used to show if the blood on either boot belongs to him and, from that information, it
23 could be inferred whether he wore the boots and/or if he can be included or excluded as a
24 source of the blood believed to be the victim's.

25 Exhibit 1 discusses numerous items of evidence taken from the crime scene
26 undergoing analysis that Special Agent Drace believes may contain evidentiary value,
27 including clothing of the victim, portions of floor tile and dry wall/baseboard that appeared
28 to have been covered in blood but then cleaned, bloody pants, and portions of a mattress

1  that appeared to have blood. Defendant's known DNA will be necessary to include or
2  exclude him as a possible contributor.
3        The Court finds that a buccal swab inside Defendant's cheek to obtain a DNA
4  sample is reasonable search under the Fourth Amendment. The Government has shown the
5  taking of the swab will advance legitimate governmental interests and the buccal swab is
6  not a grave intrusion of Defendant's privacy.
7        **IT IS ORDERED** that the Government's Motion to Take Fingerprints and Buccal
8  Swabs of Defendant (Doc. 28) is **GRANTED**.
9        Dated this 6th day of January, 2023.

Douglas L. Rayes
United States District Judge